# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 CR 1005 |
| | ) | |
| JOHN LOHMEIER, | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice. See Statement for details.

## STATEMENT

Defendant John Lohmeier is serving a 180-month sentence after pleading guilty to a securities fraud scheme that resulted in the loss of more than $8 million by scores of victims. He has been in custody on that sentence since August 30, 2016. He is serving his sentence at the minimum-security satellite camp at FCI Oxford, in Wisconsin.

Mr. Lohmeier filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1) on May 12, 2020. The government opposes the motion on multiple grounds, but the first requires dismissal of the present motion, albeit without prejudice. The government maintains, and the Court agrees, that Mr. Lohmeier has not exhausted his administrative remedies as required by the statute before filing a motion for sentence reduction in court.

Section 3582(c) prohibits courts from modifying a term of imprisonment once it has been imposed except as expressly permitted within that subsection. *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). One of the exceptions provided is the so-called "compassionate release" provision, which is set forth in § 3582(c)(1)(A). As relevant here, that provision allows courts to reduce a term of imprisonment for "extraordinary and compelling reasons." But a court may not grant compassionate release on its own initiative; it may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants' behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That means that "before they make such requests, defendants must at least ask the Bureau of Prisons (BOP) to do so on their behalf and give BOP thirty days to respond." *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). This express exhaustion requirement "presents a glaring roadblock foreclosing compassionate release" for a defendant who has not given the BOP thirty days to consider his request for compassionate release. *Id.* at 597.

Mr. Lohmeier concedes that "Section 3582(c)(1)(A) imposes an exhaustion requirement." Motion, ECF N. 152, at 9. He contends that he has satisfied that requirement because he has been seeking compassionate release through § 3582(c)(1)(A) since at least March 30, 2020. Review of the chain of submissions he points to, however, show that all of them plainly constitute requests and follow-up communications seeking a transfer to home confinement pursuant to Attorney General Barr's policy directive to the BOP to prioritize the transfer of certain prisoners to home release status, not to reduce his term of imprisonment to time served pursuant to § 3582(c)(1)(A). *See, e.g.*, Motion Ex. 1, ECF No. 152-1 ("I am writing to you in response to Attorney General William Barr's letter of March 26, 2020 regarding the transfer of non-violent prisoners to home confinement."). Indeed, not one of the defendant's exhibits cites § 3582(c)(1)(A) as the basis of its request, much less addresses the requirements for a reduction of sentence under that statute. Even after twice supplementing its reply brief with additional exhibits, Mr. Lohmeier has failed to identify anything that remotely resembles a request for a reduction of sentence pursuant to § 3582(c)(1)(A).[1] That is his burden and he has failed to meet it.

Notwithstanding his concession in his opening brief that § 3582(c)(1)(A) imposes an exhaustion requirement, in his reply Mr. Lohmeier argues that exhaustion is not required. This Court disagrees. The statutory text of § 3582's exhaustion requirement provides no exceptions that allow district courts to dispense with the requirement. Before making a motion for compassionate release, a defendant must have first "fully exhausted all administrative rights to appeal" the BOP's failure to make such a motion itself or wait at least 30 days after making a release request to the Warden. This express exhaustion requirement "presents a glaring roadblock foreclosing compassionate release" for a defendant who has not given the BOP thirty days to consider his request for compassionate release. *Raia*, 954 F.3d at 597 (motion for compassionate release was futile where BOP had not had request for 30 days).

A mandatory statutory exhaustion requirement is just that: mandatory. So said the Supreme Court in *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). In *Ross*, the Court held in no uncertain terms that the statutory exhaustion requirement included in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), does not allow for judge-made exceptions to account for "special circumstances." While acknowledging that "judge-made exhaustion doctrines remain amenable to judge-made exceptions," the Court held that "a statutory exhaustion provision stands on a different footing." 136 S. Ct. at 1857. With statutorily prescribed exhaustion requirements, only Congress can create exceptions. "For that reason, mandatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." *Id*.

*Ross* controls here. To be sure, *Ross* involved a different statute with different text and history, but that does not render its teaching inapplicable to other statutes that include explicit statutory exhaustion requirements: exceptions to such requirements have to be made by Congress, not the courts. And although the Seventh Circuit has not addressed this issue, numerous district courts within this Circuit have held that "§ 3582's explicit exhaustion requirement is not susceptible to any judicially created exceptions." *United States v. Allegra*, Case No. 15 CR 243,

---

[1] In response to the defendant's supplements, the government painstakingly and convincingly demonstrates that none of the communications relied on by Mr. Lohmeier constitute or relate to a § 3582(c)(1)(A) sentence reduction request. *See* Govt. Response, ECF No. 168.

ECF No. 232 (Apr. 13, 2020) ("I join the many courts that have concluded that § 3582(c)'s explicit exhaustion requirement is not susceptible to any judicially created exceptions."); *see also, e.g., United States v. Neeley,* 2020 WL 1956126, *1 n.1 (S.D. Ind. Apr. 23, 2020); *United States v. Cox*, No. 418 CR 00017 TWP VTW, 2020 WL 1923220, at *3 (S.D. Ind. Apr. 21, 2020) ("Congress did not intend to allow the courts to create exceptions"); *United States v. Castaldi,* No. 09 CR 59 (N.D. Ill., ECF No. 140 (Apr. 17, 2020) ("there is nothing in the statutory text that establishes, or even hints at, authority to deviate from enforcement of the obligation to exhaust the administrative process"); *United States v. Fevold*, No. 19-CR-150, 2020 WL 1703846, * (E.D. Wis. Apr. 8, 2020) (denying compassionate release to Elkton FCI prisoner). Many other courts, including the Third Circuit, have agreed. *Raia*, 954 F.3d at 597; *see also, e.g., United States v. Davis,* No. 19-CR-64-F, 2020 WL 2465264, *2 (D. Wy. May 13, 2020) (all reported cases within 10th Circuit require administrative exhaustion); *United States v. Britton,* No. 18-CR-108-LM, 2020 WL 2404969 (D.N.H. May 12, 2020); *United States v. Bolze,* No. 3:09-CR-93, 2020 WL 2449782, *3 (E.D. Tenn. May 12, 2020); *United States v. Gonzalez,* No. 3:17-CR-00062 (JAM), 2020 WL 2079110, at *1 (D. Conn. Apr. 30, 2020); *United States v. Wicker*, 18-1088-JWD, 2020 WL 2066728, *2 (M.D. La. Apr. 29, 2020); *United States v. Cooper*, No. 214-CR-00228-JADC-WH, 2020 WL 2064066, at *3 (D. Nev. Apr. 29, 2020); *United States v. Gales*, No. 1:19-CR-251-4, 2020 WL 2085146, at *3 (N.D. Ohio Apr. 29, 2020); *United States v. Soto*, No. 16-CR-00138-CMA, 2020 WL 1875147, at *1 (D. Colo. Apr. 15, 2020); *United States v. Valladares*, No. 17-CR-3715-JAH, 2020 WL 2062252, at *2 (S.D. Cal. Apr. 29, 2020) ("This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met."); *United States v. Reid*, No. 17-CR-00175-CRB-1, 2020 WL 1904598, at *3 (N.D. Cal. Apr. 18, 2020) (a court cannot waive the exhaustion requirement "even in light of the pandemic"); *United States v. Epstein*, No. CR 14-287 (FLW), 2020 WL 1808616, at *4 (D.N.J. Apr. 9, 2020).

Mr. Lohmeier maintains that the exhaustion requirement should be excused because it is futile, but reading exceptions into mandatory administrative exhaustion requirements simply ignores the Supreme Court's admonition that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

It is in any event clear from both the text and history of 3582(c)(1) that Congress intended no futility exception. For starters, and as noted above, the statute precludes sentence reductions except in the carefully circumscribed situations provided, and courts—including the Seventh Circuit—have repeatedly held that they have no authority or discretion to expand those exceptions; this is a statute with a history of narrow, not broad, construction. The narrow construction accorded to § 3582 derives from the text of the statute, which provides that "the court may not modify a term of imprisonment" except as set forth; the statute's prohibitory text contains not a hint that the exhaustion requirement is subject to any exception or application of judicial discretion; to the contrary, the statute emphasizes the importance of the exhaustion requirement by permitting the filing of a sentence reduction motion only after having "***fully exhausted all***" available remedies provided by the BOP. And it is noteworthy in this regard that the statutory text already sets out an alternative to full exhaustion of BOP remedies—namely, notifying the Warden of the institution and giving the BOP 30 days to act. In providing one exception to full exhaustion of remedies provided by the BOP, but not a futility exception, Congress cannot reasonably be understood to have intended to leave the door open to the courts to create that additional exception.

3

Moreover, the provision of a right to file a motion after only 30 days represents a considered response to potentially delayed action by the BOP. As one court has cogently explained:

> [S]ection 3582(c)(1)(A) requires a defendant either to fully exhaust the administrative appeal process or to wait 30 days after initiating the administrative process before filing a motion. The fact that Congress itself has imposed a 30-day waiting time rule as an alternative to plenary exhaustion of the BOP administrative process suggests that Congress has already balanced the expected benefits of an exhaustion requirement with the possibility that a prisoner's request for relief from the BOP could well be futile. And Congress evidently decided that, rather than tasking judges with making case-by-case evaluations about whether a particular prisoner's request for the warden to file a motion would be futile, the remedy for a futility concern is that a prisoner need not wait more than 30 days before seeking judicial relief.

*Gonzalez*, 2020 WL 2079110, at *6. "Further, the text of the statute itself demonstrates that Congress knows how to carve out an exception for special or urgent circumstances if it so desires. Section 3582(d) outlines an expedited process for inmates who are diagnosed with a terminal illness, including that any request for compassionate release submitted by an inmate must be processed by BOP within 14 days. 18 U.S.C. § 3582(d)(2)(A)(iv). Thus, Congress knows how to include language providing for expedited review in the event of exigent or unique circumstances. It did not, however, include such language in § 3582(c)(1)(A)." *Britton*, 2020 WL 2404969, at *6.

Relatedly, there is no basis to infer that Congress intended to permit a judicially created exhaustion exception where, as here, Congress has required exhaustion as a predicate to a sentence reduction based on "extraordinary and compelling reasons." *See Cooper*, 2020 WL 2064066, at *3 ("Any argument for creating such an exception is further weakened by the fact that this statutory provision is itself a special-circumstances exception to the court's inability to modify a sentence."). Despite the necessity of "extraordinary and compelling reasons" to grant compassionate release, Congress still saw fit to require resort to administrative remedies and at least 30 days before allowing a motion in court for compassionate release. How can a court reasonably infer that the existence of those same "extraordinary and compelling reasons" justify dispensing with the exhaustion requirement? To say that Congress intended to allow courts to grant equitable exemptions to the exhaustion requirement despite requiring exhaustion even in the face of extraordinary and compelling reasons to grant a defendant's release is faithful to neither the statutory text nor the Supreme Court's directive in *Ross*.

The Court also notes that Congress is more than capable of enacting legislation to modify statutory procedures in criminal cases in response to the COVID-19 pandemic—witness the CARES Act. But despite the concerns that have prompted it to ease other procedural requirements in criminal cases, Congress has not seen fit to modify the exhaustion requirement set forth in § 3582(c)(1)(A). *See, e.g., Castaldi*, ECF No. 140, at 3 ("Notably, in the CARES Act, Congress . . . did not alter the exhaustion requirement in Section 3582(c)(1)(A)." It is particularly

inappropriate for courts to rewrite statutes when Congress has declined to do so even while cognizant of the problems claimed to be creating "extraordinary and compelling reasons" to act.

In short, Congress has not seen fit to provide emergency exceptions to the § 3582(c)(1)(A) exhaustion requirement, and, as explained above, the Court does not have the authority to create one. Accordingly, Mr. Lohmeier's motion must be denied. This ruling is without prejudice. Mr. Lohmeier may reassert the motion when he has exhausted the administrative process the statute provides.

In closing, the Court notes that the existence of an administrative exhaustion requirement does not, of course, relieve the BOP of its responsibility to provide appropriate medical care for Mr. Lohmeier and to take every reasonable precaution to avoid the spread of COVID-19 within FCI Oxford. No evidence has been offered, however, to suggest that Mr. Lohmeier is not receiving appropriate medical care. Further, no evidence has been offered to support any argument that the precautions at Oxford are inadequate or ineffective to mitigate risks of infection. To the contrary, the government reports, the defendant does not contest, and the Court's own review of the BOP website reporting COVID-19 cases (www.bop.gov/coronavirus/) confirms, that Oxford has had no COVID-19 cases whatsoever as of May 30, 2020. In the event that Mr. Lohmeier reasserts a motion under § 3582(c)(1)(A) after exhausting administrative remedies, he should include, among any other matters he wishes to raise, the argument for why his continued incarceration in a facility that has experienced no positive COVID-19 cases constitutes an "extraordinary and compelling" reason for a reduction of his sentence to time served.

Dated: June 1, 2020

John J. Tharp
United States District Judge